Steven Marino, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

George Havirlak, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Argued September 11, 1984, before President Judge CRUMLISH, JR., and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, BARRY and COLINS.

*Anthony C. Busillo, II, Mancke, Lightman & Wagner*, for petitioners.

*Debra K. Wallet,* Deputy Attorney General, with her, *Gregory R. Neuhauser,* Deputy Attorney General, *Allen C. Warshaw,* Senior Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General.

*Harold I. Goodman,* with him, *Dyan M. Dyttmer,* for Amicus Curiae, Keith Small, Azon Huff, Keith Barnet et al.

OPINION BY JUDGE COLINS, January 10, 1985:

Petitioners, Steven Marino and George Havirlak, seek review of the decision of the Pennsylvania State Police to terminate their positions as Cadets.

Petitioners were notified by their platoon leaders in April 1984, after being Cadets since February 1984, that they were under investigation for allegedly cheating on examinations administered on March 28 and April 6, 1984. They were provided an opportunity to discuss the matter with the Director of Training. The State Police Disciplinary Officer and the Director of the Training Division recommended dismissal to the Director of the Bureau of Training and Education, who advised the Commissioner of the State Police. On April 12, 1984 petitioners were informed that they were dismissed.

Petitioners claim that they possess a property right to continued public employment and that the termina-

tion of their employ without a hearing is a violation of due process. We disagree.

Petitioners were probationary employees. Section 205(f) of the Administrative Code, 71 P.S. §65(f), provides that:

> All new cadets and troopers shall serve a probationary period of eighteen months from date of original enlistment during which time they may be dismissed by the commissioner for violations of rules and regulations, incompetency, and inefficiency without action of a court martial board or the right of appeal to a civil court.

State Police employees who are not on probation are entitled to a hearing with counsel before the Court-Martial Board, the opportunity to present evidence, to cross-examine witnesses, to receive findings of fact and proposed conclusions of law, and to have these proceedings transcribed before they can be dismissed.[1]

These widely divergent procedures indicate that the legislature wished to allow enlisted members a hearing before the Court-Martial Board and did not wish to afford new cadets and troopers this opportunity to be heard. Since this procedure has been followed, we see no reason to disturb it.

A claim of due process requires an underlying property interest. In the absence of a statutory provision to the contrary the State Police are subject to removal at the pleasure of the appointing power. "[A]n individual, to have a property interest justifying the protection of the due process clause, must 'have more than a unilateral expectation of [continued public employment],' he must have 'a legitimate claim of entitlement to it'." *DeWalt v. Barger*, 490 F. Supp.

---

[1] 71 P.S. §251(b).

1262, 1274 (M.D. Pa. 1980), quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972).

It is clear that once an enlisted member's probationary period has expired, the trooper has an interest in his continued employment for which due process requires a hearing. *Bolden v. Pennsylvania State Police*, 371 F. Supp. 1096 (M.D. Pa. 1974). However, a cadet on probation although having some interest, is not entitled to the same procedures because this is not a substantial interest. "The principle that due process is fully applicable to adjudicative hearings involving substantial property rights before administrative tribunals is well established." *Soja v. Pennsylvania State Police*, 500 Pa. 188, 193, 455 A.2d 613, 615 (1982) (citations omitted).

The record indicates that the matter of the cadets' alleged cheating was investigated and/or reviewed by the Disciplinary Officer, the Director of the Training Division, the Director of the Bureau of Training and Education, and finally the decision to dismiss was made by the Commissioner of the State Police. There has been no allegation by petitioners of malice toward them or improper investigatory procedures. In fact, the matter seems to have been subjected to careful review through several levels of State Police hierarchy. We see no reason to disturb their decision.

Affirmed.

### Order in 1361 C.D. 1984

And Now, January 10, 1985, the order of the Pennsylvania State Police, dated April 12, 1984, is hereby affirmed.

### Order in 1362 C.D. 1984

And Now, January 10, 1985, the order of the Pennsylvania State Police, dated April 12, 1984, is hereby affirmed.

Judge WILLIAMS, JR. and Judge MACPHAIL concur in the result only.