503 A.2d 1126

Phyllis M. Sweeting, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Darrell Cox, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

46

Argued November 15, 1985, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Anthony C. Busillo, II,* for petitioners.

*Gregory R. Neuhauser,* Deputy Attorney General, with him, *Allen C. Warshaw,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, February 7, 1986:

These are appeals by Darrell Cox and Phyllis M. Sweeting[1] (Petitioners) from determinations of the Commissioner of the Pennsylvania State Police (Com-

---

[1] These two appeals contain the identical legal issue and were consolidated for oral argument before this Court. But because they were not consolidated for all purposes we issue separate orders.

missioner) to dismiss Petitioners from employment. Petitioners were probationary state troopers at the time of their discharges.

On or about November 17, 1984 Petitioner Cox, who graduated from the State Police Academy on or about November 17, 1983, received notice that a review committee was being convened and that a departmental hearing would be scheduled on December 18, 1984 to review Petitioner's record. The notice sent to Petitioner Cox did not set forth specific bases upon which his record was being reviewed, but stated that his "entire record of accidents, other incidents, investigations and disciplinary action may be open to discussion...." A hearing was held on December 18, 1984 at which time Petitioner Cox was permitted to introduce evidence and question state police witnesses. Subsequent to the hearing, on December 26, 1984, Petitioner Cox received his dismissal notice effective December 28, 1984. The dismissal notice did not contain findings of fact or reasons for the determination.

Petitioner Sweeting, who also graduated on or about November 17, 1983, received notice on November 9, 1984 that a review committee was being convened and that a department hearing would be scheduled for her on December 10, 1984. As with Petitioner Cox, Petitioner Sweeting's notice did not set forth the specific bases on which her record was being reviewed, but also contained the same broad language as did the other notice. Subsequent to the December 10, 1984 hearing, Petitioner Sweeting on December 18, 1984, was notified of her dismissal effective December 21, 1984 and as with Petitioner Cox, no reasons were given for the dismissal of Petitioner Sweeting.

On appeal to this Court Petitioners maintain that probationary state troopers possess property rights in continued employment and accordingly assert that their dismissal procedures must comply with the re-

quirements of notice and an opportunity to be heard and a written adjudication pursuant to Sections 504 and 101 of the Administrative Agency Law, 2 Pa. C. S. §504 and §101.[2]

We have recently considered this identical issue, *i.e.,* whether a probationary state trooper, a cadet, is entitled to a formal hearing prior to dismissal. *Marino v. Pennsylvania State Police,* 87 Pa. Commonwealth Ct. 40, 486 A.2d 1033 (1985), *allocatur denied,* Pa. , A.2d (No. 25 M.D. 1985 filed July 1, 1985). Judge COLINS writing for the Court en banc held that the legislature did not intend for probationary state troopers to be afforded a formal hearing in the nature of the court martial procedures enunciated in Section 711(b) of The Administrative Code of 1929,[3] 71 P.S. §251(b). We also held in *Marino* that a probationary trooper, although having some interest in his position, is not entitled to the same procedures as a non-probationary trooper, because he does not possess a *substantial* statutory right or interest. Despite *Marino,* Petitioners here assert that they are entitled to a due process hearing as established by the Administrative Agency Law. Under Sections 504 and 101 of the Administrative Agency Law due process in the form of notice and an opportunity to be heard is required only when a substantial personal or property right or other similar interest is affected by a final order. An indi-

---

[2] Section 504 states in pertinent part:

No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard.

Section 101 defines adjudication as:

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made.

[3] Act of April 9, 1929, P.L. 177, *as amended.*

vidual has a property interest mandating due process protection only when he has a legitimate claim of entitlement to the asserted right. *Marino.* In other words, Petitioners must have an enforceable expectation governed by a statute or contract. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577 (1972); *Amesbury v. Luzerne County Institution District,* 27 Pa. Commonwealth Ct. 418, 366 A.2d 631 (1976). Additionally, because it has been held that duly promulgated "legislative" regulations have the force and effect of statutory law, *Girard School District v. Pittenger,* 481 Pa. 91, 392 A.2d 261 (1978), they also can be the source of a substantive property right.

Petitioners argue that their substantive property right to continued employment arises from Sections 205(f) and 711(a) of the Administrative Code of 1929.[4] Section 711(a) provides in pertinent part that the "Commissioner of the Pennsylvania State Police . . . shall . . . make rules and regulations . . . for the filing and hearing of charges against . . . members [of the state police force]." It is clear, however, that the Commissioner *has* established procedures for dismissal of probationary employees and nothing in Section 711(a) requires that the procedures involve a formal hearing of the proportions Petitioners seek. Section 205(f) states:

> *All new cadets and troopers* shall serve a probationary period of eighteen months from date of original enlistment, during which time they *may be dismissed* by the commissioner for violations of rules and regulations, incompetency, and inefficiency without action of a court martial board or the right of appeal to a civil court. (Emphasis added.)

This language is to be contrasted with Section 205(e), 71 P.S. §65(e) which provides:

---

[4] 71 P.S. §65(f) and 71 P.S. §251(a) respectively.

*No enlisted member* of the Pennsylvania State Police *shall be dismissed* from service or reduced in rank *except by action of a court martial board* held upon the recommendation of the Commissioner of the Pennsylvania State Police and the Governor.

It is apparent that while Section 205(e) contains mandatory and limiting language, Section 205(f) does not.

Similarly, cases upon which Petitioners rely to support their proposition that temporary or probationary employees have a property interest in continued employment necessitating a due process hearing involve statutes containing mandatory and limiting language. In *Roth v. Borough of Verona,* 74 Pa. Commonwealth Ct. 352, 460 A.2d 379 (1983), involving termination of a probationary police officer, the applicable statute, Section 1186 of The Borough Code,[5] 53 P.S. §46186, mandated permanent appointment unless the probationer had demonstrated unfitness. Accordingly this Court reasoned that the statute limited the council's power to refuse permanent appointment and hence conferred on the employee a property right in continued employment. In *Andresky v. West Allegheny School District,* 63 Pa. Commonwealth Ct. 222, 437 A.2d 1075 (1981), involving the suspension of a temporary professional employee, the applicable statute, Section 1108 of the Public School Code of 1949,[6] 24 P.S. §11-1108, provided "[n]o temporary professional employee shall be dismissed unless rated unsatisfactory. . . ." The Court, reasoning that the continued employment of a temporary professional is not a matter of the school board's unfettered discretion, determined that an enforceable expectation of continued employment existed.

---

[5] Act of February 1, 1966, P.L. (1965), *as amended.*

[6] Act of March 10, 1949, P.L. 30, *as amended.*

But reliance upon cases involving different statutes from which different property rights spring is not helpful to Petitioners' cases for it is clear that Section 205(f) contains discretionary and non-limiting language. As we noted in *Marino,* when contrasting Section 205(f) with 205(e), the latter of which governs permanent status state troopers, it is apparent that the legislature did not intend to confer a property right upon probationary state troopers. Accordingly we affirm the determination of the Commissioner and uphold his action dismissing the Petitioners.[7]

### ORDER IN 267 C.D. 1985

Now, February 7, 1986, the determination of the Pennsylvania State Police Commissioner dismissing Phyllis M. Sweeting is affirmed.

### ORDER IN 245 C.D. 1985

Now, February 7, 1986, the determination of the Pennsylvania State Police Commissioner dismissing Darrell Cox is affirmed.

---

[7] Because of our determination that Petitioners have no property rights in continued employment, we need not consider the question of whether substantial evidence exists to support the determination of the Commissioner.