515 A.2d 120

Robert D. Rossi, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Argued May 8, 1985, before President Judge CRUMLISH, JR., and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, BARRY and PALLADINO.

Gary M. Lightman, with him, Anthony C. Busillo, II, Mancke, Lightman & Wagner, for petitioner.

Susan J. Forney, Deputy Attorney General, with her, Calvin R. Koons, Deputy Attorney General, Allen C. Warshaw, Senior Deputy Attorney General, Chief, Litigation Section, and LeRoy S. Zimmerman, Attorney General, for respondent.

OPINION BY JUDGE DOYLE, September 23, 1986:

This is an appeal by Robert D. Rossi (Petitioner) from a determination of the Pennsylvania State Police which denied Petitioner a hearing on a transfer initiated in conjunction with disciplinary action. On June 29, 1984 the Director of the Aviation Division of the State Police requested permission to transfer Petitioner out of that division. The reason given for the request was that Petitioner was ineffective in performing his duties and was incapable of performing under minimal supervision. Thus, the Director of Aviation recommended that Petitioner be transferred to a more heavily supervised environment. The transfer was approved by the Deputy Commissioner of the State Police on June 29, 1984 the day it was requested; it was announced on July 20, 1984 and became effective on July 26, 1984. Petitioner followed established grievance procedures in challenging the transfer as one not taken in compliance with Field Regulation 3-2 which establishes the policies governing transfers. He was unsuccessful at all three steps in the grievance process. It is the denial of his grievance at the third step which Petitioner appeals, along with

the refusal of the State Police to grant him a hearing on the propriety of his transfer.[1]

The relevant portions of Field Regulation 3-2 read as follows:

SUBJECT: TRANSFERS

2.01 INTRODUCTION

A. *Regulated:* Transfers within the Pennsylvania State Police are governed by the policies and procedures established in this regulation, or by any other action of the Commissioner.

. . .

F. *Use:* Transfers shall not be used in lieu of appropriate disciplinary action but may be utilized in conjunction with disciplinary action.

. . .

2.04 GENERAL TRANSFERS

A. *Applicability:* Any member may be transferred anywhere within the Department whenever it is determined that such transfer(s) is necessary to:

1. Fulfill the requirement(s) for additional services, or

2. Fulfill the need(s) for specific or specialized skills, or

3. Accomplish any other need(s) of the Department.

Based on the above quoted portions of the field regulation, Petitioner asserts that he is entitled to a hearing

---

[1] We treat the instant appeal as one within our appellate jurisdiction and, hence, reject the argument that *Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981) controls. For a detailed discussion of this matter *see Whittaker v. Pennsylvania State Police,* 100 Pa. Commonwealth Ct. 631, 515 A.2d 347 (1986) and *Hasinecz v. Pennsylvania State Police,* 100 Pa. Commonwealth Ct. 622, 515 A.2d 351 (1986).

to determine whether his transfer comported with one of the three bases for transfer enunciated under Section 2.04-A of the field regulation and that failure to afford him a hearing on this matter violated his due process rights.

Due process in the form of notice and an opportunity to be heard is required only when a personal or property right or other similar interest is affected by a final order. Sections 504 and 101 of the Administrative Agency Law, 2 Pa. C. S. §504 and §101. As we stated in *Hasinecz v. Pennsylvania State Police*, 100 Pa. Commonwealth Ct. 622, 515 A.2d 351 (1986):

> An individual has a property interest mandating due process only when he has a legitimate claim of entitlement to the asserted right, Marino v. Commonwealth, 87 Pa. Commonwealth Ct. 40, 486 A.2d 1033 (1985), or, in other words, an enforceable expectation governed by statute or contract. Amesbury v. Luzerne County Institution District, 27 Pa. Commonwealth Ct. 418, 366 A.2d 631 (1976); Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Additionally, because it has been held that duly promulgated 'legislative' regulations have the force and effect of statutory law, Girard School District v. Pittenger, 481 Pa. 91, 392 A.2d 261 (1978), they also can be the source of a substantive property right.

*See also Reneski v. Department of Public Welfare*, 84 Pa. Commonwealth Ct. 226, 479 A.2d 652 (1984).[2]

---

[2] *Reneski* held that numbered management directives that announce "detailed policies, programs, responsibilities, and procedures relatively permanent in nature and which have been signed by the Governor, Lieutenant Governor, Budget Secretary, Secretary of Administration, or the head of any department or independ-

The core of Petitioner's argument, *i.e.*, that he can be involuntarily transferred only for one of the reasons set forth in Section 2.04-A of the pertinent field regulation, presupposes that there is no way other than by those regulations for the State Police to effect a valid involuntary transfer. But, when Section 2.01-A of the field regulation is examined, it is apparent that transfers are governed either by the policies and procedures set forth in the field regulation itself *or* by any other action of the Commissioner. This latter method for implementing a transfer is one under which the Commissioner is given broad discretion. There is no indication that he must comply with the standards in Section 2.04-A and, thus, those standards are not, as Petitioner contends, mandatory requirements which must be met for a valid involuntary transfer to occur. Accordingly, the field regulation does not purport to establish a right to transfer only in accordance with the criteria enunciated in Section 2.04-A, nor does it, in fact, do so. It therefore establishes no enforceable guarantee that a transfer will be effected only for the reasons cited therein. In short, the presence of standards which establish some nonmandatory guidelines does not create a legitimate claim of entitlement or an enforceable expectation in having only those standards applied, and thus does not establish a property right. Accordingly, there being no property right in the instant case, no hearing was required.[3]

---

ent board, commission or council under the Governor's jurisdiction have the force of law when they are based upon authority or duty conferred by constitution, statute or regulation." *Id.* at 228, 479 A.2d at 653. *But cf. Sever v. Department of Environmental Resources,* 100 Pa. Commonwealth Ct. 217, 514 A.2d 656 (1986).

[3] Although our decision holds that in cases involving involuntary transfers the Commissioner is given broad discretion by this regulation we hasten to add that his discretion is not unlimited.

Based upon the foregoing, we affirm the denial of a hearing and uphold the transfer.[4]

ORDER

NOW, September 23, 1986, the determination of the State Police dated August 22, 1984 denying Petitioner's grievance is affirmed and the action of the State Police Commissioner in transferring Petitioner is upheld.

---

Other independent laws exist which restrict his powers and thus, for example, a state trooper who alleges that his or her involuntary transfer is based upon race may have an avenue of redress via the Human Relations Commission. *See* Section 5(a) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §955(a).

[4] The State Police argue that assuming *arguendo* this Court finds a property right to exist requiring due process the grievance procedure followed is, itself, *all* the process which is due. Inasmuch as we have held that no property right exists, we need not decide this matter.