537 A.2d 98

Kenneth B. Skelly and Felix Thau and Eileen S. Maunus and Guy J. DePasquale, Petitioners *v.* Murray G. Dickman, Secretary of Administration and Charles T. Sciotto, Respondents.

Paul T. Sosnowski, Petitioner *v.* Murray G. Dickman, Secretary of Administration and Charles T. Sciotto, Respondents.

Argued December 14, 1987, before Judges MAC-PHAIL and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Felix Thau,* for petitioners.

*Michael L. Harvey,* Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, *LeRoy S. Zimmerman,* Attorney General.

OPINION BY JUDGE DOYLE, February 10, 1988:

Before us for our consideration are petitions for review addressed to our original jurisdiction which petitions seek from this Court review of determinations issued on December 9, 1986 and December 29, 1986 by the then Secretary of Administration, Murray G. Dickman, denying Petitioners' requests for hearings. Petitioners are attorneys employed by the Pennsylvania Liquor Control Board. They have appealed the amount of cash awards they received pursuant to Management Directive 525.19 which Directive was promulgated by Dickman. The Directive sets up a procedure whereby attorneys employed by various state agencies are rated on their job performances by the Office of General Counsel. Said ratings are then forwarded to the Secretary of Administration who may or may not adopt them. Pursuant to the Directive cash awards "may" be recommended in accordance with the scale set forth in the Directive.

Petitioners allege that their award amounts were not concommitant with those amounts recommended in the Directive. Accordingly, they sought a hearing which Dickman denied. Petitioners' position is that they are entitled to a hearing and an adjudication under Section 504 of the Administrative Agency Law, 2 Pa. C. S. §504. It is clear, however, that the right to a hearing created by Section 504 comes into play only when there has been a final order affecting a personal or property or other similar interest. *Hasinecz v. Pennsylvania State Police,* 100 Pa. Commonwealth Ct. 622, 515 A.2d 351 (1986). Thus, it is necessary to inquire whether Petitioners have a property or other similar right in the de-

termination of what award they are entitled to. *Hasi- necz; Rossi v. Pennsylvania State Police,* 100 Pa. Commonwealth Ct. 639, 515 A.2d 120 (1986). Petitioners allege no substantive right under statute, regulation, or contract and further concede that the Management Directive at issue creates no substantive rights.[1] Thus, it would seem at first glance that their argument must fail without further examination.

They advance, however, a novel approach in that the rating/awards procedure is being implemented in a discriminatory fashion; that the Commonwealth is prohibited from discriminating, and hence, that gives them a right to a hearing under the Administrative Agency Law. Petitioners, however, are misapprehending the Administrative Agency Law. Its purpose is to provide hearing rights in connection with adjudications affecting substantive state-created personal or property interests. Thus, where Petitioners can point to no substantive state-created personal or property interest, no right to a hearing under the Administrative Agency Law arises.[2]

---

[1] We note that it is possible for a management directive to create substantive rights. *See Reneski v. Department of Public Welfare,* 84 Pa. Commonwealth Ct. 226, 479 A.2d 652 (1984). We need not, however, allow Petitioners here to amend their pleadings to allege such a right because the discretionary language of the management directive with respect to the granting of awards creates no such right in this case as a matter of law. *See Sever v. Department of Environmental Resources,* 100 Pa. Commonwealth Ct. 217, 514 A.2d 656 (1986) (management directives which communicate to subordinates suggested directions for the execution of duties of the Executive Branch, as opposed to those which serve to implement or supplement the construction of a statute, create no such rights).

[2] At oral argument counsel for Petitioners suggested that the substantive rights which would entitle Petitioners to a hearing are to be found within the Administrative Agency Law itself. The Administrative Agency Law, however, does not create substantive rights; it merely provides the vehicle by which such rights, which exist elsewhere, can be procedurally enforced.

Based upon the foregoing opinion, we must dismiss Petitioners' petitions.

ORDER

Now, February 10, 1988, Petitioners' petitions in the above-captioned matter are hereby dismissed with prejudice.