624 A.2d 683

**Edward J. BLOOMFIELD, Petitioner,**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1992.

Decided April 7, 1993.

Robert Pandaleon, for petitioner.

Joseph S. Rengert, Chief Counsel, for respondent.

Before COLINS and PELLEGRINI, JJ., and BLATT, Senior Judge.

COLINS, Judge.

Edward J. Bloomfield (Bloomfield) appeals from a decision of the Background Investigation Appeal Board (Appeal Board) of the Pennsylvania State Police (State Police) affirming the action of the Background Investigation Screening Board (Screening Board) that disqualified him as a State Police cadet candidate. The Screening Board based its denial on Bloom-

field's involvement in a motor vehicle accident on December 14, 1989, as a result of which he was charged with driving under the influence (DUI) as set forth in 75 Pa.C.S. § 3731(a)(1).[1]

The following is the factual background of the case. For over three years, Bloomfield, who had no prior criminal record, had been employed as a field supervisor for the Lehigh County Prison Work Release Program, established to reintegrate prisoners into the non-prison population. Immediately after his 1989 car accident, Bloomfield was placed in the Lehigh County Accelerated Rehabilitative Disposition (ARD) Program, which placement commenced on May 25, 1990 and had a maximum completion date of May 25, 1991. The record contains a letter dated July 16, 1992 from Mark D. Surovy, Bloomfield's Probation Officer, stating that "the defendant attended and successfully completed all the conditions of the ARD program and was early terminated from supervision on December 11, 1990."

On November 15, 1991, Bloomfield applied to the State Police for admission as a cadet. By letter dated February 5, 1992, the State Police notified Bloomfield that the Screening Board had denied his application because of its opinion that the motor vehicle accident indicated "poor judgment and lack of responsibility" resulting in the DUI offense. The letter advised Bloomfield that within twenty days, he could submit a written rebuttal to these specific disqualification factors. Accordingly, Bloomfield sent a written rebuttal to the Appeal Board protesting his disqualification on the grounds that the DUI charge was his first offense of any type. Along with the rebuttal letter, Bloomfield also enclosed a letter of reference from Glenn Koch, his ARD Program counselor from Community Psychological Services, and the telephone number of Ms. Conohan, of the Lehigh County Adult Probation and Parole

---

1. 75 Pa.C.S. § 3731(a)(1) provides:
   **§ 3731. Driving under influence of alcohol or controlled substance.**
   **(a) Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:
   (1) under the influence of alcohol to a degree which renders the person incapable of safe driving.

Department, who was ready to forward a copy of Bloomfield's favorable evaluation, but was permitted to do so only upon a direct request from the State Police. It is further stated in the record, however, that neither Dr. Koch nor Ms. Conohan were ever contacted by the State Police as part of the initial background investigation of Bloomfield. On April 3, 1992, the Appeal Board affirmed the Screening Board's disqualification of Bloomfield's application. This appeal followed.

Bloomfield first argues that his constitutional rights were violated by the Appeal Board's adverse decision, because he was treated differently than other specific State Police cadet applicants of whom he had knowledge, whose background also included ARD, yet who were not disqualified from admission. Additionally, Bloomfield contends that his one DUI offense was the result of aberrant behavior caused by unusual family problems and that he does not have an alcohol abuse problem, as corroborated by the February 12, 1992 letter from his ARD Program counselor. Finally, Bloomfield maintains that the Appeal Board erred in affirming the Screening Board's decision because his ARD placement is not tantamount to a criminal conviction and hence should not be considered a negative factor precluding his eligibility to be a State Police cadet.

Unarguably, the Appeal Board's decision is, in effect, an adjudication that impacts Bloomfield's legitimate, personal interest in the fairness of the State Police selection process. In reviewing such an adjudication, our established standard of review provides for affirmation of an adjudication

unless [we] it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter A of Chapter 5 (relating to the practice and procedure of Commonwealth agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.

2 Pa.C.S. § 704.

Applying the foregoing to the present matter, we find that both the Appeal Board and the Screening Board, in its peremptory disqualification of Bloomfield's application solely by letter, failed to comply with his right to a hearing on the matter of eligibility. A similar failure was found in *Kovalchik v. Pennsylvania State Police, Background Investigation Appeal Board*, 149 Pa.Commonwealth Ct. 402, 406–407, 613 A.2d 150, 152, *petition for allowance of appeal denied*, —— Pa. ——, 618 A.2d 404 (1992), wherein this Court reasoned:

Twice before this Court has considered whether an applicant for a trooper position has a right to a hearing before disqualification from employment. Both times we decided that the existence of the Bolden consent decree conferred such a right. *Henry v. Pennsylvania State Police*, 80 Pa.Commonwealth Ct. 595, 471 A.2d 1341, reaffirmed, 86 Pa.Commonwealth Ct. 287, 484 A.2d 846 (1984) (en banc), appeal dismissed as improvidently granted, 512 Pa. 406, 517 A.2d 537 (1986). The original panel decision (Henry No. 1) noted that:

[T]he elaborate selection procedures provided in the consent decree, including the allowance of appeals from adverse decisions of the Screening Board, all designed to promote fairness in choosing cadets, can fairly be said to have established in persons aspiring to be cadets, a sufficient personal, if not property, interest in the integrity of the background investigation to render the Screening Board's decisions adjudications. Since no adjudication is valid as to any party unless afforded reasonable notice of a hearing and an opportunity to be heard, the Screening Board's adjudication was invalid. 2 Pa.C.S. § 504.

*Henry No. 1*, 80 Pa.Commonwealth Ct. at 598, 471 A.2d at 1343. The en banc decision (Henry No. 2) reaffirmed this conclusion:

[T]he respondent's contention that the right conferred on the applicant by decree to appeal to the Appeal Board does not include the rights to appear, to be heard and to produce evidence showing that the invidious facts found

by the Screening Board are mistaken, seems to us to be marked by want of intelligent and reasonable consideration.

*Henry No. 2,* 86 Pa.Commonwealth Ct. at 292, 484 A.2d at 849.

*Kovalchik* clarifies the principle set forth in *Hasinecz v. Pennsylvania State Police,* 100 Pa.Commonwealth Ct. 622, 628–29, 515 A.2d 351, 355 (1986), *petition for allowance of appeal denied,* 516 Pa. 636, 533 A.2d 94 (1987), that "[w]hat personal and property rights existed in Henry were reposited in the applicant by the Bolden consent decree of the United States District Court for the Eastern District of Pennsylvania entered in June of 1974." The foregoing consent decree entered into by the State Police and other parties in *Bolden v. Pennsylvania State Police,* Civ.A. No. 73–2604, E.D.Pa., June 20, 1974, *modified,* 73 F.R.D. 370 (1976), established that an applicant for a State Police position, such as Bloomfield, in contrast to an individual seeking reinstatement therewith, has a right to a hearing before his interest can be terminated by agency adjudication. Bloomfield was never afforded this right.

In the present case, moreover, although the seriousness of Bloomfield's DUI offense cannot be minimized, no evidence of record shows that the Screening Board, before disqualifying him, weighed the following mitigating factors: specifically, Bloomfield's favorable employment record; his lack of prior criminal record or history of DUI offenses; his placement into and successful completion of the ARD Program; and the letters of recommendation and favorable probation evaluation he made available for both the Screening Board's and the Appeal Board's review, but which apparently were not considered.

Finally, we would hope that state agencies maintain sensitivity to the public policy underlying the institution of ARD Programs, as well-defined by the concurring opinion of the Honorable Zoran Popovich in *Commonwealth v. Hyde,* 406 Pa.Superior Ct. 445, 452–53, 594 A.2d 703, 707 (1991):

Once ARD proceedings are initiated, the defendant has a host of opportunities before him to prove himself worthy of the program and, in the end, to have the charges against him dismissed and to have his arrest record expunged. Pa.R.Crim.P. 185, 186.

. . . .

I neither condone drunk driving nor purport to suggest an appropriate cut-off point for admission into an ARD program. Rather, I acknowledge the value and benefits of the ARD program. However, enforcing the policy behind it, to wit, the rehabilitation of the offender and the protection of society (see [Commonwealth v.] Knowles, supra., 373 Pa.Super. [203] at 206–07, 208–09, 540 A.2d [938] at 940, 941) [(1988)], should be the Commonwealth's goal.

Accordingly, the order of the Appeal Board is vacated, and this matter is remanded to the Appeal Board with direction that it be further remanded to the Screening Board for a hearing on the issue of Bloomfield's eligibility, with consideration given to the issues raised in the foregoing discussion.

## ORDER

AND NOW, this 7th day of April, 1993, the decision of the Pennsylvania State Police, Background Investigation Appeal Board entered in this case by letter of April 3, 1992, is vacated. This matter is remanded to the Background Investigation Appeal Board with direction that it be further remanded to the Background Investigation Screening Board for a hearing in compliance with 2 Pa.C.S. §§ 501–508 and consistent with this opinion.

Jurisdiction relinquished.