634 A.2d 849

**Francine G. GRAHAM, Petitioner,**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Dec. 3, 1993.

378

Lawrence F. Clark, Jr. for petitioner.

Joseph S. Rengert, Chief Counsel, for respondent.

Before DOYLE and SMITH, JJ., and PORTA, Senior Judge.

DOYLE, Judge.

Francine G. Graham appeals her dismissal from the Pennsylvania State Police Academy (Academy) at Fort Indiantown Gap, Pennsylvania. Also before us is a motion by the Pennsylvania State Police (PSP) to dismiss Graham's appeal.

The background and the facts are as follows. Graham was in training to become a Trooper in PSP. On February 19, 1992 she received a letter from PSP informing her that she was to be dismissed effective February 20, 1992 as a result of accumulated infractions of various Academy regulations. The letter also informed Graham that she could appeal her dismissal, have a hearing before a hearing officer, be represented by counsel, and that the Commissioner's decision to affirm or reverse her dismissal would be based on the evidence presented at the hearing. Graham requested and was granted a hearing.

Hearings were held on June 12, 1992, and August 25, 1992, before hearing officer, Major George P. March. On October 29, 1992, Major March issued detailed findings to the Commissioner and recommended that Graham not be dismissed. Counsel for PSP filed exceptions to Major March's findings and counsel for Graham filed a response to those exceptions.

After reviewing the evidence, the exceptions, the response to the exceptions, and Major March's recommendations, the Commissioner rejected Major March's recommendations and sustained Graham's dismissal from the Academy.

Graham then appealed to this Court alleging that the Commissioner's findings were not supported by substantial evidence, that the Commissioner's conclusions were erroneous as a matter of law, and that the Commissioner abused his discretion by failing to consider Major March's report. PSP filed a motion to dismiss the appeal on the grounds that the Commissioner's decision was not an "adjudication" as defined by Section 101 of the Administrative Agency Law (Law), 2 Pa.C.S. § 101, and, therefore, this Court lacked jurisdiction to hear the merits of Graham's appeal.

■ This Court, of course, has jurisdiction to review final orders of administrative agencies which are "adjudications"[1] under Section 101 of the Law, 2 Pa.C.S. § 101, which defines an "adjudication" as:

**Adjudication.** Any final order, decree, decision, determination or ruling by an agency affecting personal property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made....

Therefore, in order for the decision of the Commissioner dismissing Graham to be reviewable as an adjudication it must at least affect a property interest. Such a property interest is entitled to protection by the requirements of due process only when there is a legitimate claim of entitlement to that right.

[1]. Our jurisdiction is governed in this case by Section 763(a) of the Judicial Code, 42 Pa.C.S. § 763(a), which states in relevant part:

[T]he Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of government agencies in the following cases:

(1) All appeals from Commonwealth agencies under Subchapter A of Chapter 7 of Title 2 (relating to judicial review of Commonwealth agency action)....

Further, Section 702 of the Law, 2 Pa.C.S. § 702 provides:

Any person aggrieved by an *adjudication* of a Commonwealth agency who has a direct interest in such *adjudication* shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals.... (Emphasis added.)

*Hasinecz v. Pennsylvania State Police,* 100 Pa.Commonwealth Ct. 622, 515 A.2d 351 (1986), *petition for allowance of appeal denied,* 516 Pa. 636, 533 A.2d 94 (1987). Accordingly, in order to invoke this Court's jurisdiction, Graham must establish that she has a property interest in continued employment as a probationary state trooper. *Sweeting v. Pennsylvania State Police,* 95 Pa.Commonwealth Ct. 45, 503 A.2d 1126 (1986).

In *Marino v. Pennsylvania State Police,* 87 Pa.Commonwealth Ct. 40, 486 A.2d 1033 (1985), the petitioners were PSP cadets who were dismissed for cheating on exams, and we held that such cadets do not have a property interest in continued employment which is substantial enough to require a full evidentiary hearing in the form of a court martial before they could be dismissed. Following *Marino,* we held in *Sweeting* that a PSP cadet was not entitled to a formal post-termination hearing because probationary troopers and cadets do not possess substantial property rights in their continued employment pursuant to Sections 504 and 101 of the Law, 2 Pa.C.S. §§ 504 and 101. In light of the case precedent established in *Marino* and *Sweeting,* therefore, we hold that Graham did not have a property right in her employment as a PSP cadet and, in the absence of such a right, PSP's decision to dismiss her did not constitute an adjudication reviewable by this Court. Hence, we are obliged to conclude we do not have jurisdiction to hear Graham's appeal.

■ Graham argues, that Section 205(f) of the Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 65(f), indicates an intention of the Legislature to confer property rights to probationary troopers and cadets. The Legislature expressly circumscribed the due process that a cadet is entitled to by stating that a cadet "may be dismissed by the Commissioner for violations of rules and regulations, incompetency, and inefficiency without action of a court martial board *or the right of appeal to a civil court.*" Section 205 of the Code, 71 P.S. § 65(f) (emphasis added). A reading of the plain language of the statute, therefore, does not lend itself to Graham's interpretation. Section 205(f) of the Code, 71 P.S. § 65(f), does not limit the grounds upon

which a cadet can be dismissed. Rather, the reasons stated are only grounds upon which a cadet *may* be dismissed. Such language does not evince any intent to confer a property interest in continued employment with PSP to cadets.

Graham also asserts that fundamental fairness and the establishment of elaborate hearing procedures by PSP dictates that the proceedings be reviewable. However, the existence of a property interest cannot be defined by the procedures provided for its deprivation by PSP. Such a property right may only be established by the legislature. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The mere fact that PSP has promulgated appeal procedures for reviewing the dismissal of cadets does not define the scope of the interest a cadet holds in her future employment. *Id.*

Graham also contends that the doctrine of equitable estoppel allows us to hear her appeal. Equitable estoppel arises "where one, by his acts, representations or admissions or by his silence ... has intentionally or by culpable negligence induced another to believe that certain facts exist and the other rightfully relies and acts on such belief to his prejudice...." *Gilius v. Board of Supervisors of Fairview Township,* 122 Pa.Commonwealth Ct. 371, 377, 552 A.2d 327, 330 (1988), *petition for allowance of appeal denied,* 523 Pa. 633, 564 A.2d 1262 (1989). Graham has not shown how she acted or refrained from acting to her prejudice. Moreover, assuming for the sake of argument that equitable estoppel would create a basis for our jurisdiction, the doctrine has only been recognized as a defense and not a cause of action in itself. *Id.*

Accordingly, PSP's motion to dismiss Graham's appeal is granted.

## ORDER

NOW, December 3, 1993, the motion of the Pennsylvania State Police to dismiss the petition for review in the above-

captioned matter is granted. The petition for review is hereby dismissed.