IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Meyer,                           :
                    Appellant          :
                                       :
           v.                          :    No. 1228 C.D. 2019
                                       :    Submitted: February 14, 2020
Public Defender's Office,              :
Luzerne County                         :
Steven M. Greenwald, Esquire,          :
Chief Public Defender                  :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                     FILED: October 29, 2020

           John Meyer, *pro se*, appeals an order of the Court of Common Pleas of
Luzerne County (trial court) denying his petition for a writ of mandamus. On appeal,
Meyer argues that he has a right to the assistance of counsel in all parole proceedings,
including at his parole interview. He contends that the trial court erred in denying
his mandamus action. We affirm.

           Meyer is currently confined at the State Correctional Institution in
Dallas, Pennsylvania. On or about November 25, 2018, Meyer sent an
"Administrative Complaint" to the Public Defender's Office. Therein, Meyer
contended that Chief Public Defender Steven Greenwald and Assistant Public
Defender Richard Shiptoski refused to grant and "properly and fairly process[]" his
application for representation at parole proceedings. Supplemental Reproduced
Record at 31a (S.R.R.__). On December 4, 2018, Greenwald responded as follows:

> While your letter requests that we "file this Administrative Complaint" … "in your files," we do not maintain any files for that purpose. Accordingly, I am returning the documents to you. As you are aware, you have no pending proceedings for which you are entitled to the appointment of an attorney to represent you, from the Public Defender's Office. While I have read, and understand, your Petition for Writ of Mandamus, I believe you are misreading the statute and the applicable case law. Accordingly, there is presently no obligation for the Public Defender's Office to represent you.

S.R.R. 18a.

Meyer then petitioned for a writ of mandamus to compel Greenwald "to conduct an administrative hearing" on Meyer's request "in accordance with 2 Pa. C.S.[] §504."[1] Petition at 10, Wherefore Clause; S.R.R. 15a. In the petition, Meyer alleged that his Administrative Complaint "stemmed from" his having "a clear and legal right to representation during the parole process." Petition at 3, ¶5; S.R.R. 8a. He further averred:

> 21. The Respondent, Steven M. Greenwald, Esquire, Chief Public Defender of the Public Defender's Office of Luzerne County, in his investigation, and letter to [Meyer], dated December 4, 2018, does not constitute a valid adjudication to [Meyer's] administrative complaint, dated November 25, 2018.

> 22. The Respondent, Steven M. Greenwald, Esquire, Chief Public Defender of the Public Defender's Office of Luzerne County, didn't provide [Meyer], with either a notice of a hearing, or an opportunity to be heard.

> * * *

---

[1] Procedurally, Meyer filed his petition with this Court. By order dated January 28, 2019, this Court transferred the matter to the trial court, explaining that jurisdiction was with that court. On February 22, 2019, the petition was assigned to the weekly motions' court judge. The petition was returned to the prothonotary's office unsigned. On June 7, 2019, Meyer refiled the petition, and by order dated July 19, 2019, a rule returnable hearing was scheduled for August 5, 2019.

24. The Respondent, Steven M. Greenwald, Esquire, Chief Public Defender, of the Public Defender's Office, Luzerne County, adjudication to [Meyer's] administrative complaint, is a violation of [Meyer's] constitutional rights, and [Steven M. Greenwald] committed an error of law, [Steven M. Greenwald's] adjudication is not in accordance with the provisions of the Administrative Agency Law[, 2 Pa. C.S. §§501-508, 701-704].

Petition at 8-9, ¶¶21-22, 24; S.R.R. 13a-14a.

The petition averred that Greenwald had a "clear and mandatory duty to provide [him] with an administrative hearing, under the Administrative Agency Law[.]" Petition at 10, ¶27; S.R.R. 15a. The petition sought an order requiring:

Steven M. Greenwald, Esquire, Chief Public Defender, of the Public Defender's Office of Luzerne County, to conduct an administrative hearing for [Meyer], in accordance with [2 Pa. C.S. §504].

*Id.*

The Public Defender's Office moved to strike Meyer's petition. Therein, the Public Defender's Office contended that the trial court was "devoid of jurisdiction" because the "December 4, 2018 letter [did] not constitute an adjudication within [the Administrative] Agency Law for which notice and hearing were required because [Meyer] [did] not have a right to appointed counsel during parole release hearings." Public Defender's Motion at 4, ¶17; S.R.R. 22a.

On August 7, 2019, the trial court denied the petition, and Meyer appealed. In his Statement of Errors Complained of on Appeal filed under PA. R.A.P. 1925(b), Meyer contended that the trial court erred in denying his petition because he has a statutory right to the assistance of counsel at parole proceedings.

3

Before this Court,[2] Meyer argues that the trial court erred in denying his petition because the Public Defender Act[3] guarantees him assistance of counsel in parole proceedings. The Public Defender's Office responds that Meyer is not entitled to counsel during parole interview proceedings and, further, the office does not have a "mandatory ministerial duty" to provide Meyer representation in parole release proceedings. Public Defender's Brief at 10.

We begin with a review of the principles that govern an action in mandamus. A writ of mandamus compels a public official's performance of a ministerial act or mandatory duty, not a discretionary act. *Africa v. Horn*, 701 A.2d 273, 275 (Pa. Cmwlth. 1997). "The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief." *Werner v. Zazyczny*, 681 A.2d 1331, 1335 (Pa. 1996). A party must demonstrate: "a clear legal right for performance of an act by the government; a corresponding duty in the government to perform the ministerial act and mandatory duty; and the absence of any other appropriate or adequate remedy." *Chester Community Charter School v. Department of Education*, 996 A.2d 68, 75 (Pa. Cmwlth. 2010). "A mandatory duty is 'one which a public officer is required to perform upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority.'" *Id.* (citing *Filippi v. Kwitowski*, 880 A.2d 711, 713 (Pa. Cmwlth. 2005)).

In the petition, Meyer asserts that Section 504 of the Administrative Agency Law, 2 Pa. C.S. §504, requires the Public Defender's Office to provide him with a hearing. The Administrative Agency Law provides "hearing rights in

---

[2] This Court's review of a trial court's order in an action in mandamus determines whether the trial court abused its discretion or committed an error of law. *Williams v. Worley*, 847 A.2d 134, 137 n.1 (Pa. Cmwlth. 2004).

[3] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. §§9960.1-9960.13.

4

connection with adjudications affecting substantive state-created personal or property interests." *Skelly v. Dickman*, 537 A.2d 98, 100 (Pa. Cmwlth. 1988). Specifically, Section 504 provides, in pertinent part:

> No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard.

2 Pa. C.S. §504. A Commonwealth agency is "[a]ny executive agency or independent agency." 2 Pa. C.S. §101. An executive agency is "[t]he Governor and the departments, boards, commissions, authorities and other officers and agencies of the Commonwealth government, but the term does not include any court or other officer or agency of the unified judicial system, the General Assembly and its officers and agencies, or any independent agency." *Id.* Independent agencies are "[b]oards, commissions, authorities and other agencies and officers of the Commonwealth government which are not subject to the policy supervision and control of the Governor, but the term does not include any court or other officer or agency of the unified judicial system or the General Assembly and its officers and agencies." *Id.*

The public defender is appointed by the county. Section 4 of the Public Defender Act, 16 P.S. §9960.4. The public defender's office is not an independent agency of the Commonwealth or an executive agency under control of the Governor. Meyer's claim that the Public Defender's letter of December 4, 2018, constituted an "adjudication" is simply wrong. The action, or inaction, of the Public Defender is beyond the reach of the Administrative Agency Law.

5

Meyer also contends that Section 6(a)(10) of the Public Defender Act, 16 P.S. §9960.6(a)(10),[4] gives him a right to the assistance of counsel at parole proceedings. Meyer acknowledges that "[a]lthough the Administrative Complaint filed with the Public Defender and the [p]etition for a [w]rit of [m]andamus filed in the lower court on May 23, 2019 speak of Agency and Administrative Law rights related to parole where there are none; when fairly read, Meyer[']s pleadings request the assistance of counsel at a parole release hearing where such counsel may apply for such a hearing and sit through same." Meyer's Brief at 14, n.1.

Meyer's petition requested a writ of mandamus to compel the Public Defender "to conduct an administrative hearing for [him] in accordance with 2 Pa. C.S.[] §504." Petition at 10; S.R.R. 15a. The petition did not request the appointment of counsel. A trial court generally exceeds its authority if it grants relief outside that requested. *See, e.g., Williams Township Board of Supervisors v. Williams Township Emergency Company, Inc.*, 986 A.2d 914, 921 (Pa. Cmwlth. 2009) (holding that a trial court may not grant relief that exceeds the relief requested). Therefore, even if Meyer had a statutory right to counsel at parole proceedings, that relief was not requested in the petition and was beyond the authority of the trial court to grant.

---

[4] Section 6(a)(10) provides:

> (a)   The public defender shall be responsible for furnishing legal counsel, in the following types of cases, to any person who, for lack of sufficient funds, is unable to obtain legal counsel:
>
> * * *
>
> (10)  Probation and parole proceedings and revocation thereof[.]

16 P.S. §9960.6(a)(10).

For these reasons, we hold that the trial court did not err in denying Meyer's petition for writ of mandamus.

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Meyer, : 
           Appellant : 
: 
          v. :   No. 1228 C.D. 2019
: 
Public Defender's Office, : 
Luzerne County : 
Steven M. Greenwald, Esquire, : 
Chief Public Defender : 

## **O R D E R**

      AND NOW, this 29th day of October, 2020, the order of the Court of Common Pleas of Luzerne County dated August 7, 2019, in the above-captioned matter is AFFIRMED.

                                 _____
                                 MARY HANNAH LEAVITT, President Judge