693 A.2d 190

**Richard F. PIPKIN, Appellant,**

v.

**PENNSYLVANIA STATE POLICE, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 9, 1996.

Decided April 22, 1997.

2

Dianne M. Sheppard, Harrisburg, for Richard F. Pipkin.

Michael C. Barrett, Harrisburg, for PA State Police.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

The issue on appeal is whether a probationary state trooper has a sufficient personal or property right in his continued employment which would permit him to appeal a decision by the Pennsylvania State Police to terminate his employment to the Commonwealth Court. Because we find that a probationary state trooper does not have an enforceable property interest in his continued employment, we affirm the Commonwealth Court's *per curiam* order dismissing appellant's appeal for lack of jurisdiction.

The relevant facts to this appeal are that on January 3, 1994, appellant enlisted as a cadet at the Pennsylvania State Police Academy. After graduation in June, 1994, appellant was assigned to Troop E, Erie Station as a probationary state trooper.

In a letter dated May 23, 1995, the Director of Bureau of Personnel informed appellant that a hearing was being scheduled before the Probationary Trooper Review Committee to determine if appellant's employment as a probationary state trooper should be terminated. The letter indicated that the focus of the hearing would center on appellant's inability to satisfactorily perform his duties because his probationary trooper evaluations demonstrated an unsatisfactory performance in applying job knowledge, preparation of reports, dependability, responsibility, reliability, logical reasoning, planning ability and organizational ability.

Hearings before the Probationary Trooper Review Committee occurred over five (5) days in June and July of 1995. On

July 25, 1995, appellant received a letter from the Director of the Bureau of Personnel that appellant was being dismissed as a probationary state trooper as of midnight on July 28, 1995, pursuant to the recommendation of the Probationary Trooper Review Committee. The letter stated that appellant's dismissal was based on his inability to perform satisfactory work during his probationary period of employment and inaccurate statements that he made during criminal and internal investigations.

On August 21, 1995, appellant filed a timely appeal to the Commonwealth Court. The Pennsylvania State Police filed a motion to dismiss the appeal on the grounds that the Commonwealth Court lacked jurisdiction to hear the merits of appellant's appeal because the decision to terminate appellant's employment as a probationary state trooper was not an "adjudication" as defined by the Administrative Agency Law, 2 Pa.C.S. § 101, *et seq.* On October 20, 1995, the Commonwealth Court issued a *per curiam* order granting the Pennsylvania State Police's motion and dismissing the appeal for lack of jurisdiction.

Appellant then filed a timely petition for allowance of appeal with this Court. This Court granted *allocatur* in order to decide whether a probationary state trooper has a sufficient personal or property right in continued employment which would permit him to appeal a decision by the Pennsylvania State Police to terminate his employment to the Commonwealth Court.[1]

We preliminarily note that as a general rule, Pennsylvania law holds that "employees are at-will, absent a contract, and may be terminated at any time, for any reason or for no reason." *Stumpp v. Stroudsburg Municipal Authority,*

---

1. The Commonwealth Court also granted a motion by the Pennsylvania State Police to postpone filing the entire reproduced record in this case, including the transcripts and exhibits produced at the hearings before the Probationary Trooper Review Committee, since the question of whether the Commonwealth Court has jurisdiction to hear the appeal is one of law. Since that is the only issue before this Court, the full record has not been forwarded to this Court.

540 Pa. 391, 396, 658 A.2d 333, 335 (1995). This general rule is not abrogated just because the employee is a governmental worker since one does not have a *per se* right in governmental employment. *Commonwealth, Office of Administration v. Orage,* 511 Pa. 528, 531, 515 A.2d 852, 853 (1986). Moreover, an at-will employee has no cause of action against his employer for termination of the at-will relationship except where that termination threatens clear mandates of public policy. *Werner v. Zazyczny,* 545 Pa. 570, 579, 681 A.2d 1331, 1335 (1996).

Appellant argues that the Commonwealth Court has appellate jurisdiction over this matter pursuant to 42 Pa.C.S. § 763.[2] Section 763 provides in relevant part:

(a) The Commonwealth Court shall have exclusive jurisdiction of appeals from the final orders of government agencies in the following cases:

(1) All appeals from Commonwealth agencies under Subchapter A of Chapter 7 of Title 2 (relating to judicial review of Commonwealth agency action).

42 Pa.C.S. § 763(a)(1). Subchapter A of Chapter 7 of Title 2, entitled the Administrative Law and Procedure Act, provides that:

[A]ny person aggrieved by an *adjudication* of a Commonwealth agency who has a direct interest in such *adjudication* shall have the right to appeal therefrom to the Court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial proceedings).

2 Pa.C.S. § 702 (emphasis added).

 The Pennsylvania State Police, however, argue that appellant was not entitled to appeal his dismissal to the

**2.** Appellant also asserts 42 Pa.C.S. § 761 as an alternative basis for Commonwealth Court jurisdiction. Section 761 provides the Commonwealth Court with original jurisdiction over actions against the Commonwealth except for applications for a writ of *habeas corpus,* eminent domain proceedings, actions to which claims of immunity have been waived by the Commonwealth, and actions or proceedings conducted pursuant to the Board of Claims Act, 72 P.S. § 4651–1 *et seq.* It is clear from appellant's brief that his argument concerns an appeal of an agency determination pursuant to 42 Pa.C.S. § 763. Accordingly, we need not reach whether the Commonwealth Court has original jurisdiction over this matter.

Commonwealth Court because the decision to terminate appellant's employment as a probationary state trooper did not constitute an "adjudication" as defined in Section 101 of the Administrative Law and Procedure Act. Under Section 101, an adjudication is defined in relevant part as:

> [A]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceedings in which the adjudication is made.

2 Pa.C.S. § 101. Thus, in order for appellant's dismissal to have been an "adjudication" which would entitle him to appeal his dismissal to the Commonwealth Court, appellant must establish that his dismissal affected some personal or property right, privilege or immunity. *Werner*, 545 Pa. at 579–80, 681 A.2d at 1336.

 A governmental employee only has a personal or property right in his employment where he can establish a legitimate expectation of continued employment through either a contract or a statute. *Id.* Here, appellant is unable to point to any contract which would guarantee him continued employment as a probationary state trooper. Appellant, however, argues that Section 205(f) of the Administrative Code of 1929, as amended, 71 P.S. § 65(f), is a statutory provision intended by the General Assembly to confer a property right in continued employment on probationary state troopers. We find this argument to be without merit.

Section 205(f) of the Administrative Code provides:

> [A]ll new cadets and troopers shall serve a probationary period of eighteen months from date of original enlistment, during which time they may be dismissed by the Commissioner for violations of rules and regulation, incompetency, and inefficiency without action of a court martial board or the right to appeal to a civil court.

71 P.S. § 65(f). When determining whether Section 205(f) of the Administrative Code confers a property right in continued employment upon appellant, we are guided by the Statutory

Construction Act. *See* 1 Pa.C.S. § 1501 *et seq.* The object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a). Also, if possible, the statute must be construed to give effect to all of its provisions. *Id.* Moreover, we must construe statutory terms not defined in statute in accordance with their common usage. 1 Pa.C.S. § 1903(a).

Here, Section 205(f) explicitly places all new state troopers on an eighteen month probationary period. By definition, a probationary period is one in which a new, transferred, or promoted employee must prove or show that he is capable of performing the required duties of the job or position before he will be considered permanently employed in such a position. *See* Black's Law Dictionary (6th Ed.) at 1202; Webster's Second New College Dictionary at 1132. Thus, the use of the term probationary period by the General Assembly indicates an intention that a probationary state trooper like appellant does not have an expectation of continued employment until he successfully completes his initial eighteen month period of employment.

Moreover, appellant's reliance on Section 205(f) providing him with a property right fails because Section 205(f) explicitly provides that the Commissioner can dismiss a probationary state trooper for "violations of rules or regulations, incompetency and inefficiency without action of a court martial board or the right to appeal to a civil court." As recognized by the United States Court of Appeals for the Third Circuit, the procedural protections afforded to a category of persons sheds light on the legislature's intention in conferring a property right on those people. *Blanding v. Pennsylvania State Police*, 12 F.3d 1303, 1306 n. 2 (3d Cir.1993). If no review of the decision to discharge an employee is permitted, then there is an indication that the decision to discharge has been committed to the discretion of the employer and that the employee has no property right in continued employment. *Id.* Since the broad grounds for dismissal of a probationary state trooper in Section 205(f) have no corresponding right to judicial review, this demonstrates that the General Assembly did not

have the intent of providing a probationary state trooper with an expectation of continued employment during his probationary period.

Furthermore, this Court has recognized that state troopers who are not on probation have an enforceable property right in continued employment. *Soja v. Pennsylvania State Police*, 500 Pa. 188, 193, 455 A.2d 613, 615 (1982). In that regard, Section 205(e) of the Administrative Code, which applies to state troopers who are not on probation, provides that:

> [N]o enlisted member of the Pennsylvania State Police shall be dismissed from service or reduced in rank except by action of a court martial board held upon the recommendation of the Commissioner of the Pennsylvania State Police and the Governor.

71 Pa.C.S. § 65(e). The widely divergent procedures for dismissal between that of Section 205(e) for a state trooper who has successfully served the probation period and that of Section 205(f) for a probationary state trooper shows that a probationary state trooper does not have the same substantial interest in continued employment as does a state trooper not on probation. Since we must interpret statutes in a manner which gives effect to all provisions, we must also conclude that these differing provisions show an intent on the part of the General Assembly not to bestow an expectation of continued employment upon a probationary state trooper.

Therefore, applying the rules of statutory construction to Section 205(f) of the Administrative Code, we conclude that the use of the term "probationary," the denial of any right to review a dismissal decision, and the juxtaposition of Sections 205(e) and 205(f) of the Administrative Code demonstrates that the General Assembly did not intend to confer a property right in the form of an expectation of continued employment on probationary state troopers. Accordingly, appellant's argument that his dismissal constituted an adjudication entitling him to appeal his dismissal to the Commonwealth Court because Section 205(f) of the Administrative Code gives him a property right must fail.

■ Appellant alternatively argues that his dismissal constituted an adjudication which would allow him to appeal his dismissal to the Commonwealth Court because the procedures which had to be employed before dismissing him indicated that he had a property right in continued employment. The creation of a property interest turns on the substantive protection afforded to the employee pursuant to a state statute or contract and cannot be created by any procedural protection. *Cleveland Bd. of Education v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 1492–93, 84 L.Ed.2d 494 (1985). Since no state statute or contract exists which creates a property interest in probationary employment, appellant's argument is without merit.

■ Appellant finally argues that his dismissal constituted an adjudication entitling him to appeal the decision to the Commonwealth Court because at a minimum, public employment is a personal privilege. This issue was recently addressed by this Court in *Werner v. Zazyczny,* 545 Pa. 570, 681 A.2d 1331 (1996). In *Werner,* a special investigator with the Office of Inspector General sought a writ of mandamus to compel an administrative hearing on his discharge from his position pursuant to 2 Pa.C.S. § 504. In order to be entitled to a hearing, we held that the special investigator had to demonstrate that his dismissal constituted an adjudication pursuant to 2 Pa.C.S. § 101. In attempting to make this argument, the special investigator argued that his dismissal constituted an adjudication because at a minimum, public employment is a personal privilege. This Court rejected that argument because he failed to demonstrate that his interest in continued employment as a special investigator, which was an at-will position, constituted a privilege. *Werner,* 545 Pa. at 582–83, 681 A.2d at 1337. Here, appellant also fails to demonstrate how his interest in continued employment as a probationary state trooper constituted a privilege.[3] Thus, no adju-

---

3. A personal right or a privilege which will constitute an adjudication pursuant to Section 101 of the Administrative Law and Procedure Act will arise if the party claiming a privilege can establish either some right or privilege created by statute and characterized as such or some

dication occurred which would entitle appellant to appeal the decision to dismiss him as a probationary state trooper to the Commonwealth Court.

Based on the above, we conclude that the Commonwealth Court properly dismissed appellant's appeal for lack of jurisdiction because his dismissal as a probationary state trooper did not constitute an adjudication since he has failed to demonstrate sufficient facts to establish a property right or privilege in his continued employment.[4] Accordingly, we affirm the order of the Commonwealth Court.

NEWMAN, J., did not participate in the consideration or decision of the case.

constitutionally protected right or privilege. *Hecknauer v.Coder*, 32 Pa.Commw. 308, 379 A.2d 638 (1977) (city zoning administrator unable to demonstrate that his continued employment in that position constituted a personal right or privilege that would entitle him to an administrative hearing on his dismissal). Appellant, however, cites *Henry v. Commonwealth, Pennsylvania State Police*, 80 Pa.Commw. 595, 471 A.2d 1341 (1984) (*"Henry I"*), to support his position that continued public employment is a privilege. In *Henry I*, the state police cadet's right or privilege in public employment arose because of a consent decree entered in federal court in order to settle a dispute. This holding was restricted in *Henry v. Commonwealth, Pennsylvania State Police*, 86 Pa.Commw. 287, 484 A.2d 846 (1984), wherein the Commonwealth Court stressed that its holding in *Henry I* was limited to finding a right or privilege in continued employment because of the consent decree.

4. This holding is consistent with that of other courts that have interpreted whether cadets or probationary state troopers have a property right in continued employment. *See Blanding v. Pennsylvania State Police*, 12 F.3d 1303 (3d Cir.1993) (predicting that this Court would hold that a probationary state trooper does not have a property right entitling him to due process protection); *Graham v. Pennsylvania State Police*, 160 Pa.Commw. 377, 634 A.2d 849 (1993), *appeal denied*, 538 Pa. 660, 648 A.2d 791 (1994) (state police cadet lacked property right in her employment and thus, Commonwealth Court lacked jurisdiction to hear her appeal); *Sweeting v. Com., Pennsylvania State Police*, 95 Pa.Commw. 45, 503 A.2d 1126 (1986) (dismissed probationary state troopers have no substantive property right that would require holding a due process hearing before they were discharged); *Marino v. Com., Pennsylvania State Police*, 87 Pa.Commw. 40, 486 A.2d 1033 (1985) (state trooper cadets dismissed for cheating on examinations did not have sufficient property right entitling them to a due process hearing prior to discharge).