Steven M. **MORNINGSTAR** and June M. Morningstar, husband and wife, Appellants,

v.

The **MIFFLIN COUNTY SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2000.

Decided Oct. 19, 2000.

Stuart A. Cilo, Lewistown, for appellants.

Norman L. Levin, Lewistown, for appellee.

BEFORE: SMITH, Judge, FLAHERTY, Judge (P.), McCLOSKEY, Senior Judge.

SMITH, Judge.

Steven M. Morningstar and June M. Morningstar, husband and wife, appeal from an order of the Court of Common Pleas of Mifflin County that dismissed their appeal to that court from the action of the Mifflin County School District (School District) in rejecting the Morningstars' request that a school bus stop be re-established in front of their house. The Morningstars question whether the trial court erred in determining that the issue presented by the local agency action was a policy decision and not an adjudication by a local agency. They also question whether the court erred in dismissing their appeal without granting a hearing or directing that a record be made in violation of the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754.

The trial court's opinion pursuant to Pa. R.A.P.1925(a) set forth the facts as derived from the Morningstars' appeal to the trial court. The Morningstars' children attend a parochial school within the School District's attendance area, and they have transportation provided by the School District. For seven years prior to the 1999–2000 school year a school bus stopped in front of the Morningstars' home at 408 Dry Valley Road, Burnham to pick up their children. At the beginning of the 1999–2000 school year the stop was moved to the corner of Dry Valley Road and Fourth Street within walking distance of the Morningstars' home.

The Morningstars requested that Dr. John J. Czerniakowski, Director of Transportation, reconsider the decision to move the school bus stop. By letter of October 25, 1999, Dr. Czerniakowski informed the Morningstars that their request had been considered and denied by the Board of School Directors. The letter stated that school bus stops are established with safety as the primary consideration and that the Mifflin County Regional Police recommended that school buses should not be stopping near the Morningstars' home. It informed them of the new bus stop location at the corner of Fourth Street and also of another alternative stop for which they could make arrangements.

The Morningstars filed a document styled "APPEAL FROM LOCAL AGENCY" with the trial court, asserting jurisdiction pursuant to "42 Pa.C.S.A. § 933(2)." [1]

1. Section 933(a) of the Judicial Code, *as amended,* 42 Pa.C.S. § 933(a), provides as a general rule that except as otherwise prescribed each court of common pleas shall have jurisdiction of appeals from final orders of government agencies in cases including "(2) Appeals from government agencies, except Commonwealth agencies, under Sub-

The appeal asserted that the October 21, 1999 decision of the School Directors, as reflected in the October 25 letter, constituted an adjudication of the Morningstars' request to re-establish the bus stop. They contended that the adjudication violated their due process and equal protection rights under the Pennsylvania and United States Constitutions, that the findings necessary to support the adjudication were not supported by substantial evidence and that the adjudication was not in accordance with law. They averred that a complete record was not made before the local agency, and they requested a de novo hearing.

█ The trial court ordered that a conference take place in the court's chambers on January 3, 2000. On January 28, 2000, the court ordered the Morningstars' appeal dismissed. The court held that the School District's decision to change the location of the bus stop was not an "adjudication" within the meaning of Section 752 of the Local Agency Law, 2 Pa.C.S. § 752, from which a right of appeal is provided. Rather it was a policy decision because it affected no right. The court concluded that it lacked jurisdiction to hear appeals from agency policy decisions where no violation of a substantive right was alleged. This Court's review of the trial court's order dismissing the appeal for lack of jurisdiction is limited to determining whether the trial court abused its discretion or committed an error of law. *Baker v. Chartiers Township*, 163 Pa.Cmwlth. 574, 641 A.2d 688 (1994).

The Morningstars first contend that the removal of the bus stop was an "adjudication" within the meaning of that term as set forth in 2 Pa.C.S. § 101: "Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities,

duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." They argue that removal of the school bus stop affected a "privilege" that they had. They refer to the definition of that term in Black's Law Dictionary 1359 (rev. 4th ed.1968) as "[a] particular and peculiar benefit or advantage enjoyed by a person, company, or class, beyond the common advantages of other citizens." [2] The Morningstars assert, without support or citation, that "[t]he situs of a bus stop is clearly a privilege, at least to its users." Brief of Appellants, p. 10. They cite *Turner v. Pennsylvania Public Utility Commission*, 683 A.2d 942 (Pa.Cmwlth.1996), for the proposition that "[w]hen an agency's decision leaves a complainant with no other forum in which to assert her rights, privileges or immunities, the agency's act is an adjudication." *Turner*, 683 A.2d at 946. In addition, the Morningstars aver that they received notice of the removal of the bus stop only unofficially through a school bus driver.

The School District discusses the concept of adjudication with reference to *Short v. Borough of Lawrenceville*, 548 Pa. 265, 696 A.2d 1158 (1997), where the Supreme Court held that an at-will employee of a borough had no statutory or other basis for an expectation of continued employment; hence her dismissal was not an adjudication for purposes of the Local Agency Law. A similar case is *Pipkin v. Pennsylvania State Police*, 548 Pa. 1, 693 A.2d 190 (1997), where a probationary state trooper challenged his dismissal. Among the theories upon which the probationary trooper sought to characterize his dismissal as an "adjudication" pursuant to 2 Pa.C.S. § 101 was that, if nothing else, public employment was a personal privi-

chapter B of Chapter 7 of Title 2 (relating to judicial review of local agency action) or otherwise."

**2.** The Court observes that the relevant definition in the current edition of Black's is "[a]

special legal right, exemption, or immunity granted to a person or class of persons; an exception to a duty." Black's Law Dictionary 1215 (7th ed.1999).

lege. The court rejected that argument, citing its recent rejection of a claim of "privilege" in at-will government employment in *Werner v. Zazyczny*, 545 Pa. 570, 681 A.2d 1331 (1996). The court stated:

> A personal right or a privilege which will constitute an adjudication pursuant to Section 101 of the Administrative Law and Procedure Act will arise if the party claiming a privilege can establish some right or privilege created by statute and characterized as such or some constitutionally protected right or privilege.

*Pipkin*, 548 Pa. at 9 n. 3, 693 A.2d at 194 n. 3. Thus the Morningstars must point to some statutory or constitutional basis for their claim.

The Morningstars pled violations of their due process and equal protection rights without any attempt to explain these theories. Similarly, they cited no statute or other law that had been violated. The trial court noted that the applicable statute provides that so long as walking conditions are not hazardous the School District is free to locate a bus stop within 1 ½ miles of the Morningstars' home. Section 1362 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 13–1362. The Morningstars did not plead that the walk to the new bus stop was too long or that it was hazardous.

The Morningstars further contend that the trial court violated Section 754 of the Local Agency Law, 2 Pa.C.S. § 754, by failing to conduct a de novo hearing or to remand to the agency to make a full and complete record followed by judicial review. This argument, however, is answered by the Court's determination that the School District's decision did not constitute an adjudication. The trial court therefore correctly concluded that it lacked jurisdiction to hear the appeal, and the court did not err by refusing to treat the matter as if it were a reviewable adjudication. Accordingly, the trial court's order is affirmed.

*ORDER*

AND NOW, this 19th day of October, 2000, the order of the Court of Common Pleas of Mifflin County is affirmed.