

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2008

# Grabiak v. PA State Pol

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4078

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Grabiak v. PA State Pol" (2008). *2008 Decisions.* Paper 1331.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1331

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-4078

———

BRAD GRABIAK,
                                    Appellant

v.

PENNSYLVANIA STATE POLICE (PSP); STEVEN MCDANIEL;
WILLIAM LATORRE; DOUGLAS O'CONNOR

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cv-06318)
District Judge: Hon. J. Curtis Joyner

———

Submitted Under Third Circuit LAR 34.1(a)
April 18, 2008

Before:  SLOVITER, JORDAN and ALARCÓN[*], Circuit Judges

(Filed:  April 25, 2008)

———

OPINION

———

[*]  Hon. Arthur L. Alarcón, Senior Judge, United States
Court of Appeals for the Ninth Circuit, sitting by designation.

SLOVITER, Circuit Judge.

Brad Grabiak, who was formerly a probationary state police trooper, appeals the order of the District Court dismissing his complaint which alleged that his termination by the Pennsylvania State Police violated his rights to due process and expressive association.

## I.

Because the District Court granted the State Police's motion to dismiss, we must accept the factual allegations set forth in Grabiak's complaint as true for purposes of this appeal. Anspach ex rel. Anspach v. City of Philadelphia, 503 F.3d 256, 260 (3d Cir. 2007). Grabiak was once employed as a municipal police officer. He enlisted in the Pennsylvania State Police Academy on November 3, 2003. On April 23, 2004, Grabiak was promoted to trooper and assigned to serve a one year probationary period. On his first day of this assignment, a sergeant told Grabiak and another new trooper with municipal police experience that he believed that such experience "was, and would be, a hindrance to success as a PSP trooper." App. at 22 ¶ 12.

Grabiak contends that he thereafter received unequal work assignments and was harassed by his direct supervisor, but he "successfully responded to many more calls than other probationary troopers." App. at 22 ¶ 16. He received a negative performance evaluation, but did not challenge it after his supervisor told him that "he would be placing, and tightening, a noose around his neck if he did so." App. at 22 ¶ 14. Grabiak

2

received other "borderline" evaluations but his final evaluation during the probationary period was satisfactory. App. at 22 ¶ 15.

The general investigative report compiled toward the end of Grabiak's probationary period was "largely favorable," with seventeen PSP personnel recommending Grabiak's retention and two others (a lieutenant and a sergeant) opposing it. App. at 22 ¶ 18. Captain Steven McDaniel, the commanding officer, directed that Grabiak be terminated, and Grabiak received notice of termination by a letter dated April 7, 2005. Grabiak believes that he and the other probationary trooper with municipal police experience were the only probationary troopers terminated from their troop.

Grabiak filed a complaint against the Pennsylvania State Police and three individual defendants, alleging that the termination violated his First and Fourteenth Amendment rights, as well as his rights under state law. The defendants moved to dismiss the complaint, and the District Court granted their motion on August 14, 2006. Grabiak appeals. We exercise plenary review over a district court's grant of a motion to dismiss. Anspach, 503 F.3d at 260.

## II.

Grabiak's claim that he was entitled to notice and an opportunity to be heard, procedural due process rights protected by the Fourteenth Amendment, before the state could terminate him depends on whether Grabiak had a property interest in his employment. See United States v. James Daniel Good Real Prop., 510 U.S. 43, 48-49

3

(1993). He argues that he had a protected property interest in employment as a Pennsylvania state trooper. Property interests are not defined by the Constitution but by state law. Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). We therefore look to Pennsylvania law.

Employment in Pennsylvania, including government employment, is generally at-will unless otherwise provided by contract or statute. Pipkin v. Pa. State Police, 693 A.2d 190, 191 (Pa. 1997) (explaining at-will employment to mean that employees "may be terminated at any time, for any reason or for no reason") (citation and internal quotations omitted). In Pipkin, the Pennsylvania Supreme Court held that a state trooper on probationary status does not have a property right in continued employment. Id. at 194.

The relevant statute, § 205(f) of the Administrative Code, codified at 71 Pa. Cons. Stat. § 65(f), provides:

> All new cadets and troopers shall serve a probationary period of eighteen months from date of original enlistment, during which time they may be dismissed by the Commissioner for violations of rules and regulations, incompetency, and inefficiency without action of a court martial board or the right of appeal to a civil court.

In Pipkin, the Pennsylvania Supreme Court held that the Pennsylvania legislature did not intend to provide a trooper on probation with the expectation of continued employment and concluded that "[i]f no review of the decision to discharge an employee is permitted, then there is an indication that the decision to discharge has been committed to the discretion of the employer. . . ." 693 A.2d at 193. The court contrasted § 205(f)

4

with § 205(e), codified at 71 Pa. Cons. Stat. § 65(e), which applies to non-probationary troopers and requires court martial board action at the recommendation of the Governor and Pennsylvania State Police Commissioner prior to dismissal or reduction in rank. Id. Therefore, the Court concluded that probationary troopers do not have a protected property interest in continued employment. Id.

Even before Pipkin, this court held that "§ 205(f) was intended not to confer rights on probationary troopers, but rather to make it clear that probationary troopers were not to have the expectation of continued employment that non-probationary troopers enjoy." Blanding v. Pa. State Police, 12 F.3d 1303, 1307 (3d Cir. 1993).

Grabiak seeks to distinguish his case from others that have upheld dismissal of probationary troopers because he claims that he did not violate any rules or regulations or perform incompetently or inefficiently, as specified by § 205(f). The Pennsylvania Commonwealth Court has held that § 205(f) "does not limit the grounds upon which a cadet can be dismissed. Rather, the reasons stated are only grounds upon which a cadet may be dismissed." Graham v. Pa. State Police, 634 A.2d 849, 851 (Pa. Commw. Ct. 1993) (emphasis in original); see also Gehring v. Pa. Labor Relations Bd., 850 A.2d 805, 809 (Pa. Commw. Ct. 2004) (stating that § 205(f) is a specific grant of discretion to the Commissioner to dismiss probationary troopers). We are bound by Pennsylvania law and conclude that Grabiak did not have a property interest in continued employment as a state trooper. It follows that the District Court did not err in dismissing Grabiak's procedural

5

due process claim.

## III.

Grabiak also claims that his substantive due process right was violated because "the government deliberately and arbitrarily abused its power." Nicholas v. Pa. State Univ., 227 F.3d 133, 139 (3d Cir. 2000) (citations and internal quotations omitted). According to substantive due process rights, a protected interest may not be taken away by state action that "shocks the conscience." United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 399-400 (3d Cir. 2003). As a threshold matter, a plaintiff must demonstrate that he possessed an interest protected by the due process clause. Nicholas, 227 F.3d at 139-40. We have already concluded that Grabiak's probationary employment was not subject to procedural due process protections. Even if we had concluded otherwise, Grabiak would still have to demonstrate that his property interest is "fundamental" under the United States Constitution. Id. at 140. This, however, is foreclosed by our decision in Nicholas, where we held that a tenured faculty member of a state-affiliated university did not have a fundamental property interest in his employment and was therefore not entitled to substantive due process protection. Id. at 142. Because Grabiak was a probationary, rather than a permanent or tenured, state employee, his termination did not violate his substantive due process rights.

## IV.

Finally, Grabiak claims that his prior employment as a municipal police officer

6

was expressive association protected by the First Amendment. The Supreme Court "'has recognized a right to associate for the purpose of engaging in those activities protected by the First Amendment–speech, assembly, petition for the redress of grievances, and the exercise of religion.'" Pi Lamda Phi Fraternity, Inc. v. Univ. of Pittsburgh, 229 F.3d 435, 441 (3d Cir. 2000) (quoting Roberts v. U.S. Jaycees, 468 U.S. 609, 618 (1984)).

Grabiak contends that he has a First Amendment right to be employed as a municipal police officer and to associate with other officers without future discrimination based on this employment. Grabiak has provided no authority that the First Amendment precludes a current employer from considering prior employment in deciding whether to retain an at-will employee. We cannot disagree with the District Court that it would be a "giant leap" to extend Grabiak's First Amendment associational right to his prior police employment. App. at 16.

## V.

For the above reasons, we will affirm the District Court's order dismissing Grabiak's complaint.