**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1406
_____

TIMOTHY MARK ANSTINE,
Appellant

v.

JEROME MICHAEL ADAMS, in his personal capacity;
RODNEY R. AKERS, in his personal capacity;
THERON R. PEREZ, in his personal capacity;
GREGORY G. SCHWAB, in his personal capacity;
JULIA A. SHERIDAN, in her personal capacity;
MATTHEW J. UPDEGROVE, in his personal capacity;
JANE DOE, in her personal capacity
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(District Court No. 1-20-cv-02160)
District Judge: Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on May 3, 2024
_____

Before: KRAUSE, CHUNG, and AMBRO, Circuit Judges

(Filed: May 6, 2024)

_____

OPINION[*]

_____

CHUNG, <u>Circuit Judge</u>.

Plaintiff Timothy Anstine was fired from his position as an attorney employed by the Pennsylvania Department of Community and Economic Development ("DCED"). Anstine sued several of his former supervisors ("Defendants") under 42 U.S.C. § 1983. He claimed that when Defendants suspended and fired him, they deprived him of property interests without notice and a hearing in violation of the Due Process Clause of the Fourteenth Amendment.[1] Defendants moved for summary judgment, and the District Court granted their motion. Anstine appealed.[2] We will affirm because Anstine cannot show that Defendants deprived him of a constitutionally protected property interest.

The Due Process Clause of the Fourteenth Amendment provides that a state can deprive a person of "property" only when such person is afforded due process of the law. U.S. Const. amend. XIV, § 1. The Due Process Clause does not create property interests,

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] Anstine's other federal claim and state-law claims have been fully addressed by the District Court. On appeal, Anstine does not challenge the District Court's rulings on these claims.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291. We conduct plenary review of the District Court's summary judgment ruling. <u>See</u> <u>Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.</u>, 877 F.3d 136, 141 (3d Cir. 2017).

2

though.  See Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972).  Rather, it protects property interests "that a person has already acquired."  Id. at 576. Accordingly, a plaintiff claiming that he was deprived of property without due process must show that he had a constitutionally protected property interest in the first place.  See McKinney v. Univ. of Pittsburgh, 915 F.3d 956, 962 (3d Cir. 2019).

Whether a plaintiff has a constitutionally protected property interest is a question of both state and federal law.  See Town of Castle Rock v. Gonzales, 545 U.S. 748, 756–57 (2005).  State law determines whether the plaintiff has a substantive property interest in a benefit conferred by the state.  See id. at 757; Bishop v. Wood, 426 U.S. 341, 344 (1976); Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005).  If so, then "federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause."  Town of Castle Rock, 545 U.S. at 757 (emphasis omitted) (quoting Memphis Light, Gas, & Water Div. v. Craft, 436 U.S. 1, 9 (1978)).

Because Anstine was a Pennsylvania employee, its law determines whether he had any substantive property interests in his public employment.  As the Supreme Court of Pennsylvania has explained, "one does not have a per se right in governmental employment."  Pipkin v. Pa. State Police, 693 A.2d 190, 191 (Pa. 1997) (citing Com., Off. of Admin. v. Orage, 515 A.2d 852, 853 (Pa. 1986)).  Instead, public employees are employed "at-will," meaning that they "may be terminated at any time, for any reason or for no reason."  Id. (quoting Stumpp v. Stroudsburg Mun. Auth., 658 A.2d 333, 335 (Pa.

3

1995)).  Only the Pennsylvania legislature can displace that default rule.  See Scott v.

Phila. Parking Auth., 166 A.2d 278, 281 (Pa. 1960).  Thus, Pennsylvania public

employees only have property interests in their employment if granted either by statute or

by contract with a government entity that the legislature has authorized to grant property

interests.  See Pipkin, 693 A.2d at 192; see also Stumpp, 658 A.2d at 394–95.

Anstine identifies no statutory or contractual provision that overcomes that

default.  To the contrary, his appointment letter reaffirms that his employment was "at

will" and that his employer could "terminate [his] employment at any time for any reason

or no reason."  App. II-41.  Accordingly, Anstine had no state-created property interest in

his employment, much less the kind of legitimate claim of entitlement protected by the

federal Constitution.

Nonetheless, Anstine asserts he has two property interests: (1) an interest in his

continued "pay and benefits while employed," and (2) an interest in his "continued

employment."  Opening Br. 1, 13.  He makes two basic arguments in furtherance of this

claim.  The first is that he acquired both asserted property interests from the Governor of

Pennsylvania's "Personnel Rules," which he argues were "part of his employment

contract."[3]  Id. at 20.  The Personnel Rules set out human resources guidelines for

---

[3]     Anstine does not give a detailed explanation of why the Personnel Rules should be considered part of his employment contract.  Because the provisions in the Personnel Rules that Anstine identifies do not suggest any property interest, though, we need not decide whether the Personnel Rules were in fact part of Anstine's contract.

Pennsylvania employees that Anstine asserts created a "property interest that his employment would be governed by those rules." Id. at 15.

Even assuming Anstine has a state-created contractual right in these processes, an agency's failure to follow its procedures is generally a matter of state law. Anstine, however, brings a federal constitutional claim. The Constitution does not require a specific state process to be followed. See Vitek v. Jones, 445 U.S. 480, 491 (1980) (the "minimum requirements of procedural due process" are "a matter of federal law," and are not changed "by the fact that the State may have specified its own procedures" (citation omitted)); Shuman ex rel. Shertzer v. Penn Manor Sch. Dist., 422 F.3d 141, 150 n.4 (3d Cir. 2005). Instead, it requires that a minimum threshold of procedural safeguards be provided to protect property interests recognized as "legitimate claim[s] of entitlement." Town of Castle Rock, 545 U.S. at 757 (citation omitted). In other words, as a matter of federal law, Anstine needs to first demonstrate that he has a constitutionally cognizable property interest. See id. Only then will the question of adequate procedural safeguards be implicated by the Due Process Clause.

Anstine puts the cart before the horse, arguing that, by stating discipline should be progressive in nature and by providing for notice to an employee and an opportunity to be heard, the Personnel Rules created his property interest in continuing to receive pay and benefits before being terminated and created his property interest in his employment. In effect, he argues the Personnel Rules indirectly created his asserted property interests through these procedural provisions, rather than directly through express rights-creating

5

language.[4]  It follows, Anstine argues, that this state-created property interest is a constitutionally protected legitimate claim of entitlement.

That is clearly contrary to both Pennsylvania and federal precedent.  An employer's promise of procedural protections cannot itself create property interests.  See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985) ("The categories of substance and procedure are distinct.  Were the rule otherwise, the Clause would be reduced to a mere tautology.  'Property' cannot be defined by the procedures provided for its deprivation any more than can life or liberty."); Pipkin, 693 A.2d at 193 ("The creation of a property interest turns on the substantive protection afforded to the employee pursuant to a state statute or contract and cannot be created by any procedural protection.").  Because Anstine only identifies procedural protections in the Personnel Rules, he does not show that the Personnel Rules create any property interests in his pay, benefits, or employment.

Second, Anstine argues that "[t]he Pennsylvania rules of professional conduct should be a public policy exception to the at will employment rules."  Opening Br. 15. That is, Anstine argues that because he was a public attorney who had an attorney-client

---

[4]    Indeed, Anstine explicitly disclaims that the Personnel Rules created a "right to tenure or permanent employment" and identifies no language that expressly creates property interests in continued pay, benefits, and employment.  Opening Br. 20; cf. Schmidt v. Creedon, 639 F.3d 587, 596 (3d Cir. 2011) (provision that "suspension must be for cause"); Sonnleitner v. York, 304 F.3d 704, 711 (7th Cir. 2002) (language that employees "may be … suspended without pay … only for just cause").  See generally McKinney, 915 F.3d at 960–62 (surveying principles about guarantees that give public employees a property interest in a continued salary).

relationship with state agencies, Defendants should have consulted those agencies—his clients—before firing him. Pennsylvania has never recognized the exception Anstine proposes. Nor does any legitimate public policy counsel for such an exception. Anstine relies on the comment to the Pennsylvania Rules of Professional Conduct that "[a] client has a right to discharge a lawyer." Pa. Rules of Pro. Conduct 1.16 cmt. 4. That does not suggest that an organization that employs lawyers cannot fire them without their clients' involvement. We decline Anstine's invitation to turn rules that protect clients into novel protections for lawyers.[5]

Because Anstine cannot show that Defendants deprived him of any constitutionally protected property interest, we will affirm.

---

[5]    Given the novelty of Anstine's theory, Anstine cannot point to any case law suggesting that his procedural due process right in these circumstances was "clearly established." Pearson v. Callahan, 555 U.S. 223, 232 (2009). As a result, the Appellees would be protected by qualified immunity in any event.

7